### IN THE UNITED STATES DISTRICT COURT FOR THE
### DISTRICT OF COLUMBIA

| | |
|---|---|
| WILDEARTH GUARDIANS )<br>1536 Wynkoop St., Ste. 310 )<br>Denver, CO 80202 )<br>             )<br>        Plaintiff,     )<br>             )<br>v.           )<br>             )<br>U.S. OFFICE OF SURFACE MINING RECLAMATION )<br>AND ENFORCEMENT )<br>South Interior Building )<br>1951 Constitution Ave. NW )<br>Washington, D.C. 20240, )<br>             )<br>        Defendant.    ) | Case No. _____ |

### COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF

### INTRODUCTION

1.      Plaintiff WildEarth Guardians ("Guardians") brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. 552 *et seq.*, to compel the Office of Surface Mining Reclamation and Enforcement ("OSM") to disclose records wrongfully withheld after a FOIA request and subsequent administrative appeal.  FOIA requires public agencies to respond to public requests for documents, including files maintained electronically, to increase public understanding of the workings of government and to allow access to government information.

2.      Guardians is seeking all records related to OSM's decision to deny Guardians' rulemaking petition that sought adequate protections for greater sage grouse and its habitat from the impacts of coal mining.

3. Guardians requested the records that are the subject of this lawsuit to more fully understand OSM's reasoning in denying Guardians' rulemaking petition. In particular, the requested information will more fully explain the basis for OSM's position that current rules are effectively protecting the greater sage grouse and its habitat from coal mining, thereby rendering additional protective rules for the greater sage grouse unnecessary.

4. Guardians is a nonprofit organization that informs, educates, and empowers the public regarding environmental issues, policies, and laws. Guardians tracks the federal government's implementation of and compliance with various environmental policies and laws, and informs the public of the federal government's actions in these areas to foster a public understanding of government operations and activities.

5. On August 26, 2014 Guardians submitted a FOIA request (OSM-2014-00081) to OSM. On September 25, 2014 OSM responded to Guardians saying that the agency was availing itself of a 10-worday extension available under 43 C.F.R. § 2.19, that it was placing Guardians' request on the "complex" processing track, and that it would respond to Guardians request by October 9, 2014.

6. OSM did not provide any responsive documents to Guardians by October 9 or otherwise respond to Guardians' FOIA request. On October 30, 2014 Guardians appealed OSM's constructive denial of its FOIA request. On January 7, 2015 the U.S. Department of Interior FOIA Appeals Officer sent a letter to Guardians acknowledging that the Department had not responded to Guardians appeal within the statutory deadline and that Guardians could seek judicial review to compel a response.

7. Therefore, Guardians seeks a court order declaring that OSM's failure to respond to Guardians' request for documents and records violates FOIA and ordering OSM to produce

the requested documents and records, as well as other appropriate relief including costs and reasonable attorney fees. 5 U.S.C. § 552(a)(4)(E).

## JURISDICTION AND VENUE

8. This Court has jurisdiction over this action pursuant to the Freedom of Information Act, 5 U.S.C. § 552(a)(4)(B). This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question).

9. This Court has authority to grant declaratory relief pursuant to the Declaratory Judgment Act. 28 U.S.C. § 2201. This Court has authority to grant injunctive relief pursuant to 28 U.S.C. § 2202 and 5 U.S.C. § 552(a)(4)(B).

10. This Court has authority to award costs and attorney fees pursuant to 28 U.S.C. § 2414 and 5 U.S.C. § 552(a)(4)(E).

11. Venue is proper in this Court pursuant to 28 U.S.C. 1391(e) because the Federal Defendant resides in this district and a substantial part of the events and omissions giving rise to this action occurred in this district. Venue is also proper pursuant to 5 U.S.C. § 552(a)(4)(B).

## PARTIES

12. Plaintiff WILDEARTH GUARDIANS is a non-profit conservation organization with its primary places of business in Santa Fe, New Mexico and Denver, Colorado. Guardians has approximately 66,500 activists and members throughout the United States. Guardians and its members are dedicated to protecting and restoring the wildlife, wild places, wild rivers, and health of the American West.

13. Guardians works in furtherance of its goals in part by acquiring information regarding federal programs and activities through the federal Freedom of Information Act. Guardians then compiles and analyzes that information and, subsequently, disseminates that

information to its membership, the general public, and public officials through various sources including publications, reports, its website and newsletter, general news media coverage, and public presentations.  Guardians' successful efforts at educating the public on issues concerning federal government program and activities that affect the environment contribute significantly to the public's understanding of governmental operations and activities.  Guardians also uses the information that it acquires through FOIA to participate in federal decision making processes, to file administrative appeals and civil actions, and generally to ensure that federal agencies comply with federal environmental laws.

14. Guardians and its members are directly injured by OSM's failure to comply with the statutory requirements of FOIA and a favorable outcome of this litigation will redress that injury.  Guardians bring this action on behalf of itself, its staff, and its members.

15. Defendant U.S. OFFICE OF SURFACE MINING RECLAMATION AND ENFORCEMENT ("OSM") is a federal agency within the United States Department of Interior.  OSM implements and enforces the Surface Mining Control and Reclamation Act through which it regulates surface coal mining in the United States.  OSM has a mandatory statutory duty to respond to FOIA requests that are made to the agency, and is sued in this action in connection with its statutory duties under the FOIA.

## FACTUAL AND LEGAL BACKGROUND

16. FOIA requires federal agencies to "determine within 20 days . . . after the receipt of any [FOIA] request whether to comply with such request and . . . immediately notify the person making such request of such determination and the reasons therefor."  5 U.S.C. §552(a)(6)(A)(i).

17. On August 26, 2014 Guardians submitted a FOIA request to OSM via email seeking documents and records related to OSM's decision denying Guardians' rulemaking petition to promulgate rules ensuring adequate protection of the greater sage grouse and its habitat from the impacts of coal mining. In its Petition, Guardians requested that OSM promulgate specific performance standards limiting coal exploration activities in sage grouse habitat to particular drilling methods and avoiding exploration in sage grouse habitat during certain times of the year.

18. OSM notified Guardians via email on September 25, 2014 that the agency had received Guardians FOIA request on August 27, 2014, assigned Guardians' FOIA request the tracking number OSM-2014-00081, intended to take a 10-working day extension pursuant to 43 C.F.R. § 2.19(a) because of the need to consult with one or more offices in the Department to process Guardians' request, and committed to responding to Guardians' FOIA request by October 9, 2014.

19. OSM did not respond to Guardians' FOIA request by October 9 or thereafter. On October 21, 2014 Guardians emailed OSM to check on the status of OSM's response to Guardians' FOIA request. On October 27, 2014 OSM responded via email that it was reviewing records responsive to Guardians' request for a release determination, and that OSM expected to complete processing of Guardians' request within three weeks.

20. Under 43 C.F.R. § 2.19(c), is an agency provides a date by which it expects to complete processing a FOIA request and does not meet the proffered date, the request is considered denied as a matter of law, and the requester may administratively appeal the constructive denial

21. On October 30, 2014 Guardians appealed OSM's constructive denial of its FOIA request (FOIA Appeal No. 2015-12).

22. When OSM did not respond to Guardians' appeal within 20 working days as required by FOIA, 5 U.S.C. § 552(a)(6)(A)(ii), on December 9, 2014 Guardians contacted OSM via email to check on the status of the appeal.

23. On January 7, 2015 OSM sent Guardians a letter in which the agency acknowledged that it had not responded to Guardians' FOIA appeal within the statutory deadline and that Guardians could seek judicial review to compel a response.  In the same letter, OSM also stated that it would strive to make a determination on Guardians' appeal within the next two weeks of January 2015.

24. Guardians did not receive a response to its FOIA appeal within the two-week period specified by OSM in its January 7, 2015 letter.

25. On February 9, 2015 Guardians sent a letter to OSM via email asking about the status of the FOIA appeal and the original FOIA request.  To date, OSM has not provided Guardians with a response to its appeal or with the requested documents and records.

26. Guardians has fully exhausted its administrative remedies under 5 U.S.C. § 552(a)(6)(C) for its FOIA request.  Guardians now turns to this Court to enforce the remedies and public access to agency records guaranteed by FOIA.

## CLAIM FOR RELIEF

**Violation of FOIA—Failure to Respond to Guardians' FOIA Request Within the Statutory Time Frame**

27. All previous paragraphs are incorporated herein by reference.

28. OSM's failure to respond to Guardians' FOIA request within the 20-day statutory time frame violated FOIA.  5 U.S.C. § 552(a)(6)(A)(i).

29.     OSM continues to violate FOIA by failing to respond to Guardians' request for documents and records relating to OSM's denial of Guardians' rulemaking petition.

**REQUEST FOR RELIEF**

WHEREFORE, WildEarth Guardians respectfully requests that this Court:

A.     Declare unlawful OSM's failure to respond to WildEarth Guardians' request for documents and records within 20 days of receipt;

B.     Order OSM to immediately produce the documents and records requested by WildEarth Guardians;

C.     Maintain jurisdiction over this action until OSM complies with FOIA;

D.     Award WildEarth Guardians its costs and reasonable attorney fees incurred in prosecuting this action.  5 U.S.C. § 552(a)(4)(E); and

E.     Grant such other and additional relief as the Court deems just and proper.

Respectfully submitted on the 4th day of March 2015,

/s/ Samantha Ruscavage-Barz
Samantha Ruscavage-Barz (Bar No. CO0053)
WildEarth Guardians
516 Alto St.
Santa Fe, New Mexico 87501
(505) 401-4180 (office)
(505) 213-1895 (fax)
sruscavagebarz@wildearthguardians.org